**In re Charles L. and Lisa M. BILLIE, Debtors.**

No. 06–12942.

United States Bankruptcy Court, N.D. Ohio, Eastern Division.

April 10, 2007.

Antoinette E. Freeburg, Carl P. Kasunic Co., L.P.A., Willoughby, OH, for Debtors.

Derrick Rippy, Office of the United States Trustee, Cleveland, OH, for U.S. Trustee.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Chief Judge.

This matter before the Court is the motion of the United States Trustee (the "*Trustee*") to dismiss Charles L. and Lisa M. Billie's (the "*Debtors*") bankruptcy case pursuant to 11 U.S.C. § 707(b)(2) and (b)(3) of the Bankruptcy Code (the "*Mo-*

*tion "*). The Debtors oppose the requested relief.

The Court acquires core matter jurisdiction over the instant matter pursuant to 28 U.S.C. §§ 157(a) and (b), 28 U.S.C. § 1334 and General Order No. 84 of this district. Upon examination of the parties' respective briefs and supporting documentation, and after oral argument of counsel on the matter, the following findings of fact and conclusions of law are hereby rendered:

\*

On July 13, 2006 (the *"Petition Date "*), the Debtors filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Code (the *"Bankruptcy Code "*) in the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division. They also filed the required Statement of Current Monthly Income and Means Test Calculation, Form B22A, also known as the Means Test (hereinafter, *"Form B22A "*), concurrently with the filing of their bankruptcy petition. The Debtors subsequently amended their Form B22A. According to their amended Form B22A, the Debtors' combined annualized monthly income is $94,008, which exceeds the applicable median family income of $65,126 for a family of four in Ohio. *See Form B22A, Case No. 06–12942 Docket No. 29; see also http://www.usdoj. gov/ust/eo/bapcpa/20060213/bci_data/med ian_income_table.htm* (median income amount for a debtor, who is an Ohio resident, with a family of four and filed a bankruptcy case between February 13, 2006, and September 30, 2006).

The Debtors' schedules indicate that they own two vehicles, a 1996 Ford Explorer and a 1999 Ford Taurus. *See Debtors' Schedule B.* The 1999 Ford Taurus is the only vehicle that is encumbered by a security interest, requiring monthly payments. *See Id. at Schedule D.* The Debtors on their amended Form B22A, line 23, deducted $403.33 (representing the Internal Revenue Service's (*"IRS "*) local standard deduction minus their monthly payment for debts that secure the vehicle) for the vehicle ownership/lease expense on their 1999 Ford Taurus. They also deducted $332, on line 24, for the vehicle ownership/lease expense on their 1996 Ford Explorer, although they own the vehicle free and clear of any liens or encumbrances.

On September 18, 2006, the Trustee filed a statement wherein he determined that the Debtors' case was presumed to be an abuse under § 707(b)(2). *See United States Trustee Statement of Presumed Abuse.* Subsequently, the Trustee filed the Motion.

The parties stipulated, at the scheduled hearing, that the only remaining issue before the Court relating to the Debtors' means test is the vehicle ownership expense, on line 24, as it relates to the Debtors' 1996 Ford Explorer and whether that expense is a proper deduction when the Debtors own the vehicle free and clear of liens.

\* \*

The Trustee asserts that the Debtors' case should be dismissed pursuant to §§ 707(b)(2) and (3) of the Bankruptcy Code because the Debtors' Form B22A would reveal significant monthly disposable income and raise a presumption of abuse, when completed according to the Trustee's compilation of Debtors' income and expenses information. Specifically, the Trustee asserts that the Debtors' are not entitled to claim a vehicle ownership expense for a second car, the 1996 Ford Explorer, which is free of any liens.

The Trustee contends that the plain language of 11 U.S.C. § 707(b)(2)(A)(ii)(I) limits the IRS Local Standards, including the local standards referred to as vehicle ownership costs, to Debtors for whom the expense is applicable. He asserts that, to

determine if the vehicle ownership expense is applicable to a debtor, the Court should consult the IRS's Collection Financial Standards and Internal Revenue Manual. He avers that the IRS is the source of the local and national standards referenced in § 707(b)(2)(A)(ii)(I) and therefore the manner in which it applies its own expense standards is instructive. He contends that, according to the Collection Financial Standards and Internal Revenue Manual, if a debtor owns a vehicle without a loan or lease payment obligation, then a vehicle ownership expense is inapplicable to that debtor on that particular vehicle. Therefore, because the Debtors are not incurring the monthly expense associated with the purchasing or leasing of the 1996 Ford Explorer, the $332, on line 24 of Form B22A, is an inappropriate expense/deduction.

The Debtors oppose the requested relief. The Debtors contend that their Amended Means Test Calculation does not raise a presumption of abuse and that the amounts indicated for their monthly income and expenses are appropriate. They contend that the vehicle ownership expense for the 1996 Ford Explorer is an allowable expense, notwithstanding the fact it is owned by them free and clear of any liens or encumbrances. They assert that because their Form B22A was appropriately completed pursuant to § 707(b), the presumption of abuse does not arise. Therefore, the Trustee's Motion should be denied.

\* \* \*

█ The dispositive issue before this Court is whether the Debtors can claim the $332 vehicle ownership expense for a second vehicle on Form B22A, line 24, for a vehicle they own free and clear of any liens or encumbrances.

\* \* \* \*

Section 707(b) of the Bankruptcy Code provides for the dismissal of a Chapter 7 case where there is a presumption of abuse. Section 707(b) provides, in pertinent part:

(b)(1) After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, trustee (or bankruptcy administrator, if any), or any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title, if it finds that the granting of relief would be an abuse of the provisions of this chapter. In making a determination whether to dismiss a case under this section, the court may not take into consideration whether a debtor has made, or continues to make, charitable contributions (that meet the definition of "charitable contribution" under *section 548(d)(3)* ) to any qualified religious or charitable entity or organization (as that term is defined in *section 548(d)(4)* ).

(2)(A)(i) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter, the court shall presume abuse exists if the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv), and multiplied by 60 is not less than the lesser of—

(I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $6,000, whichever is greater; or

(II) $10,000.

*11 U.S.C. § 707(b).*

Section 707(b)(1) provides, after notice and a hearing, the court, on its own motion or on motion by the United States Trustee, may dismiss a Chapter 7 case filed by an

individual debtor whose debts are primarily consumer debts, or with the debtor's consent, convert such case to one under Chapter 11 or 13, if the court finds that granting relief would be an abuse. *11 U.S.C. § 707(b)(1).* Section 707(b) imposes a formula to determine if a Chapter 7 debtor's case creates a presumption of abuse warranting dismissal or conversion. *Id.* A presumption of abuse arises if the debtor's current monthly income reduced by the allowable deductions, as described in § 707(b)(2)(A)(ii), (iii) and (iv), when multiplied by 60 is not less than the lesser of 25% of the nonpriority unsecured claims or $6,000, whichever is greater or $10,000. *11 U.S.C. § 707(b)(1) and (b)(2)(B).* If a debtor's case is presumed to be an abusive filing then the court may "dismiss [the] case filed by an individual debtor ... or, with the debtor's consent, convert such a case to a case under chapter 11 or 13." *11 U.S.C. § 707(b)(1).* However, a debtor can rebut the presumption of abuse by showing "special circumstances," to overcome the presumption of abuse. *11 U.S.C. § 707(b)(2)(B).*

There is no dispute that the Debtors are above median income debtors; therefore they were required to complete the expense portion of Form B22A to determine if the presumption of abuse arises justifying a dismissal or conversion of their bankruptcy case.

Section 707(b)(2)(A)(ii)(I) provides, in part:

> (ii)(I) The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides, as in effect on the date of the order for relief, for the debtor, the dependents of the

debtor, and the spouse of the debtor in a joint case, if the spouse is not otherwise a dependent. Such expenses shall include reasonably necessary health insurance, disability insurance, and health savings account expenses for the debtor, the spouse of the debtor, or the dependents of the debtor. Notwithstanding any other provision of this clause, the monthly expenses of the debtor shall not include any payments for debts.

*11 U.S.C. § 707(b)(2)(A)(ii)(I).*

If a debtor is an above median income debtor, meaning his annual income exceeds the median family income for the applicable state and household size, then a debtor is permitted to deduct certain standard expenses that have been developed by the IRS. *Id.* The IRS has created two categories of standard deductions, which include local standards for transportation and housing costs. *See http://www.usdoj.gov/ust/eo/bapcpa/20060213/meanstesting.htm.* Transportation costs are divided into two categories for car owners: (1) vehicle operation/public transportation expense and (2) transportation ownership/lease expense. *Id.* Transportation ownership costs (also known as vehicle ownership costs) are fixed on a national basis at $471 for the first car and $332 for the second car. *Id.* The standard deduction applicable to a particular debtor for operating costs is dependent upon the region and city of the debtor's residence. *Id.* In the Cleveland region, a debtor who owns two vehicles is permitted to deduct $362 per month as operating costs. *Id.*

■ It is a "familiar canon of statutory construction that the starting point for interpreting a statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.,* 447

U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980); *see also United States v. Ron Pair Enters.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). When a court finds the language of a statute to be clear and unambiguous, "judicial inquiry is complete, except in 'rare and exceptional circumstances.'" *Garcia v. United States*, 469 U.S. 70, 75, 105 S.Ct. 479, 482, 83 L.Ed.2d 472 (1984) (quoting *TVA v. Hill*, 437 U.S. 153, 187 n. 33, 98 S.Ct. 2279, 2298, 57 L.Ed.2d 117 (1978)). "[O]nly the most extraordinary showing of contrary intentions from [the legislative history] would justify a limitation on the 'plain meaning' of the statutory language." *Garcia*, 469 U.S. at 75, 105 S.Ct. at 479. "The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of the drafters'." *Id.; see also First Union Mortgage Corp. v. Eubanks (In re Eubanks)*, 219 B.R. 468, 471 (6th Cir. BAP 1998).

Section 707(b)(2)(A)(ii)(I) provides that a debtor shall use the applicable amounts outlined in the IRS's local and national standards, without reference to the Collection Financial Standards or Internal Revenue Manual as a guide to determining those amounts. *See* 11 U.S.C. *§ 707(b)(2)(A)(ii)(I); see also In re Prince*, Case No. 06–10328, 2006 WL 3501281 (Bankr.M.D.N.C. Nov. 30, 2006). That same provision of the Bankruptcy Code distinguishes between what actual and applicable monthly expenses an above median income debtor may deduct when determining if a presumption of abuse arises warranting a dismissal or conversion of his bankruptcy case. *11 U.S.C. § 707(b)(2)(A)(ii)(I).* The plain language of § 707(b)(2)(A)(ii)(I) demonstrates that Congress intended to distinguish in which instances the debtor's actual expenses were required and in what instances the debtor is to use the national and local standards for expenses. Black's Law Dictionary defines applicable as "fit, suitable, pertinent, related to or appropriate; capable of being applied." *Black's Law Dictionary 98* (6th ed.1990). "[A]pplicable expenses in contrast need only be applicable to the debtor-because of where he lives and how large his household is. It makes no difference whether he 'actually' has them." *In re Farrar–Johnson*, 353 B.R. 224, 230–31 (Bankr.N.D.Ill.2006)[1]; *see also In re Grunert*, 353 B.R. 591 (Bankr. E.D.Wis.2006) (adopting the rationale of *Farrar–Johnson*); *In re Wilson*, 356 B.R. 114 (Bankr.D.Del.2006); *In re McIvor*, Case No. 06–42566, 2006 WL 3949172 (E.D.Mich. Nov. 15, 2006). The plain language of § 707(b)(2)(A)(ii)(I) is patently unambiguous and permits the vehicle ownership expense claimed by the Debtors on their amended Form B22A, line 24, although they own the vehicle free and clear of any liens or encumbrances.

■ Furthermore, the Trustee's reliance on the Collection Financial Standards and Internal Revenue Manual is contextually misplaced. There are fundamentally different purposes for using the Collection Financial Standards in the context of the IRS determining a taxpayer's ability to repay delinquent taxes versus the use in a means test calculation within a bankruptcy case to determine a debtor's ability to pay his debts. In the section labeled "General" of the Collection Financial Standards, the IRS states that "Collection Financial Standards are used to help determine a taxpayer's ability to pay a delinquent tax liability." *See* *http://www.irs.gov/*

1. Citing Hon. Eugene R. Wedoff, *Means Testing in the New World,* 79 Am. Bankr.L.J. 231, 255–57 (Spring 2006).

*individuals/article/0,,id=96543,00.html.*

In the context of the means test in a bankruptcy case, however, the IRS local standards are used as fixed allowances to determine whether a debtor living in a particular region with a certain number of vehicles can repay his outstanding debts. Since the means test treats the local standards as fixed allowances, the IRS's local standards permit a debtor who owns two vehicles to take a vehicle ownership expense of $471 for the first vehicle and $332 for the second vehicle, without exception. *See http://www.usdoj.gov/ust/eo/bapcpa/ 20060213/bci_data/IRS_Trans_Exp_Stds_ MW.htm.*

Therefore, pursuant to § 707(b)(2)(A)(ii)(I), the Debtors who own two vehicles are permitted to take a vehicle ownership expense for both vehicles, including $332 on Form B22A, line 24, for their 1996 Ford Explorer, notwithstanding the vehicle being owned free and clear of any liens or encumbrances. Thusly, the presumption of abuse does not arise under § 707(b)(2) to warrant dismissal or conversion of the Debtors' Chapter 7 case.

This Court's previous ruling in *In re Coffin,* Case No. 06–13141 (Bankr. N.D.Ohio Dec. 8, 2006), upon further consideration is not followed.

## CONCLUSION

Accordingly, the Trustee's Motion is denied in part, as no presumptive abuse is found under § 707(b)(2). The Debtors' objection relative to the § 707(b)(2) issue is hereby sustained. This matter will proceed for further determination on the remaining issue addressed under § 707(b)(3). Each party is to bear its respective costs.

**IT IS SO ORDERED.**