**In re Gregory and Lori WILSON, Debtors.**

No. 6:06–bk–72193M.

United States Bankruptcy Court,
W.D. Arkansas,
Hot Springs Division.

July 30, 2007.

Sherry Daves, Attorney at Law, Hot Springs, AR, for Debtors.

### ORDER

JAMES G. MIXON, Bankruptcy Judge.

On September 29, 2006, Gregory A. Wilson and Lori A. Wilson (Debtors) filed a voluntary petition for relief under the provisions of Chapter 13 of the United States Bankruptcy Code. This case is, therefore, governed by the new provisions contained in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPC-PA).

On November 29, 2006, the Trustee filed a timely objection to confirmation of the Debtors' proposed plan. The objection was based on the Debtors' claim of vehicle ownership expenses on Form B22C for vehicles that the Debtors own free and clear of any liens. A hearing on the Trustee's objection was held in Hot Springs, Arkansas, on April 18, 2007. The parties agreed to submit the matter upon written stipulated facts, exhibits, and briefs. The matter was taken under advisement pending receipt and review of the stipulations and briefs. The matter before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and the Court has jurisdiction to enter a final judgment in the case.

### FACTS

On Schedule B, the Debtors list an ownership interest in two vehicles, a 2002 Ford F 150 Truck and a 1999 Toyota 4–Runner sport utility vehicle. (Ex. 1.) Both vehicles are unencumbered by any security interests and the Debtors have no current automobile ownership expense. The Debtors value the 1999 Toyota at $5,000.00 and the 2002 Ford F–150 Truck at $9,325.00. (Ex. 1.)

The Debtors' statement of combined monthly income is $5,968.50. Computed on an annual basis, their income is $71,622.00. (Ex. 2.) The applicable median income for a family of two in the State of Arkansas is $38,438.00. (Ex. 2.) Because the Debtors' annual income is above the median income, they are required by 11 U.S.C. § 1325(b)(3) to compute the amount of disposable income available to pay to unsecured creditors by using the means test provided for in 11 U.S.C. § 707(b)(2).[1] The computation required by 11 U.S.C. § 707(b) is made on official form B22C, which is required by the interim Federal Rules of Bankruptcy Procedure 1007(b)(6), adopted on October 14, 2005 in the Eastern and Western Districts of Arkansas by General Order 25.

The calculations made by the Debtors using Form B22C compute to a negative $370.04 available to pay to unsecured creditors. (Ex. 3.) Among the deductions allowed by Form B22C is a deduction for the ownership expense of two automobiles. (Ex. 3.) The Debtors' first automobile allowance is $471.00 and the allowance for the second automobile is $332.00. (Ex. 3.)

---

1. This requirement is technically not applicable unless the Trustee or an unsecured creditor objects to confirmation. *See* 11 U.S.C. § 1325(b)(1–3) (2006).

If the automobile expenses are not included in the deductions from current monthly income, the result will compute to the sum of $432.96 per month available for distribution to unsecured creditors. The Debtors' plan proposes to pay $100.00 a month for 60 months. (Ex. 2.) After payment of attorney's fees, trustee's fees, and priority claims, this would leave a total of $636.00 for distribution to the allowed claims of general unsecured creditors.

## ARGUMENT

The Trustee argues that the Debtors may not take the Internal Revenue Service (IRS) Local Standard deduction for vehicle ownership costs if the Debtors have no actual vehicle payment. The Debtors argue that pursuant to BAPCPA Congress created a fixed allowance for vehicle ownership deductions, regardless of whether the Debtors have an actual vehicle payment. Both parties have filed briefs pointing out that the courts considering this issue are hopelessly split.

## DISCUSSION

■ The statute applicable to this issue is 11 U.S.C. § 707(b)(2)(A)(ii)(I):

> The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides, as in effect on the date of the order for relief, for the debtor....[2]

The National and Local Standards referenced in 11 U.S.C. § 707(b)(2)(A)(ii)(I) are standards used by the IRS to determine a taxpayer's ability to pay a delinquent tax liability. *In re Haley,* 354 B.R. 340, 342

(Bankr.D.N.H.2006) (citing *In re Fowler,* 349 B.R. 414, 416–417 (Bankr.D.Del.2006)). The Local Standards include: (1) an expense for ownership costs based on the number of vehicles owned by the taxpayer and (2) an expense for operating costs based on the number of vehicles owned by the taxpayer and the taxpayer's location. *In re Haley,* 354 B.R. at 342–43 (citing *In re Fowler,* 349 B.R. at 416–417). The issue raised in the case at bar regards only the Debtors' allowable ownership costs.

Two bankruptcy courts in the Eighth Circuit have directly considered this issue and reached opposite results. *See In re McGuire,* 342 B.R. 608, 613 (Bankr. W.D.Mo.2006) (disallowing Standard expense unless debtor actually has a vehicle expense); *In re Hartwick,* 352 B.R. 867, 869 (Bankr.D.Minn.2006)(ruling BAPCPA mandates that debtors use the higher of the Local Standard expense or the actual expense and the rule does not change if the actual expense is zero). *See also In re Skaggs,* 349 B.R. 594, 600 (Bankr.E.D.Mo. 2006) (stating in dicta that a debtor is allowed either the Local Standard expense or the amount the debtor actually spends).

A number of cases are consistent with *In re McGuire* and hold that a debtor must have an existing vehicle payment or ownership expense in order to be eligible for the standard deduction. *See In re Wiggs,* No. 06 B 70203, 2006 WL 2246432 (Bankr.N.D.Ill. Aug.4, 2006)(the vehicle ownership expense is not allowed as it is not "applicable" to the debtor because there is no expense incurred for the purchase or lease of the vehicle); *In re Hardacre,* 338 B.R. 718 (Bankr.N.D.Tex.2006) (based on the Collection Financial Standards, Local Standards do not permit a debtor to claim an ownership deduction for a vehicle owned free and clear by the

---

**2.** The Local Standard amounts are found on     the internet at www.usdoj.gov/ust/.

debtor). *See also In re Howell,* 366 B.R. 153 (Bankr.D.Kan.2007); *In re Ceasar,* 364 B.R. 257 (Bankr.W.D.La.2007); *In re Slusher,* 359 B.R. 290 (Bankr.D.Nev.2007); *In re Devilliers,* 358 B.R. 849 (Bankr. E.D.La.2007); *In re Harris,* 353 B.R. 304 (Bankr.E.D.Okla.2006); *In re Carlin,* 348 B.R. 795 (Bankr.D.Or.2006); *In re Oliver,* 350 B.R. 294 (Bankr.W.D.Tex.2006); *In re Barraza,* 346 B.R. 724 (Bankr.N.D.Tex. 2006); *In re Lara,* 347 B.R. 198 (Bankr. N.D.Tex.2006). *Cf. In re Demonica,* 345 B.R. 895 (Bankr.N.D.Ill.2006)(finding *McGuire* reasoning persuasive, and while the debtor did not own or lease the vehicle, the debtor did make monthly payments for a vehicle owned by the non-debtor spouse and so was allowed the deduction).

However, many other cases construe the applicable statute consistent with Judge O'Brien's opinion in *In re Hartwick* and allow the standard vehicle ownership expense whether or not the debtor has an actual vehicle ownership expense.[3] *See In re Grunert,* 353 B.R. 591 (Bankr.E.D.Wis. 2006) (allowing standard deduction even if debtor has no vehicle payment by following plain meaning of the statute by comparing the use of "actual" and "applicable" and legislative history); *In re Haley,* 354 B.R. 340 (Bankr.D.N.H.2006) (opining that Bankruptcy Code and IRS use ownership expense for different purposes; section 707(b) uses IRS standard not as a cap but as a fixed allowance; therefore, debtor may use standard deduction for vehicle ownership expense even though debtor owes no car payment); *In re Fowler,* 349 B.R. 414 (Bankr.D.Del.2006) (stating that according to the plain language of section 707(b)(2)(A)(ii)(I) the debtor's monthly ex-

pense shall be a fixed amount specified under the Local Standards; there is no reference in that language to use of Local Standards as a cap). *See also In re Lynch,* 368 B.R. 487 (Bankr.E.D.Va.2007); *In re Chamberlain,* 369 B.R. 519 (Bankr. D.Ariz.2007); *In re Swan,* 368 B.R. 12 (Bankr.N.D.Cal.2007); *In re Zaporski,* 366 B.R. 758 (Bankr.E.D.Mich.2007); *In re Watson,* 366 B.R. 523 (Bankr.D.Md.2007); *In re Enright,* No. 06–10747, 2007 WL 748432 (Bankr.M.D.N.C. March 6, 2007); *In re Crews,* Nos. 06–13117, 06–15255, 2007 WL 626041 (Bankr.N.D.Ohio Feb.23, 2007); *In re Sawdy,* 362 B.R. 898 (Bankr. E.D.Wis.2007); *In re Zak,* 361 B.R. 481 (Bankr.N.D.Ohio 2007); *In re Wilson,* 356 B.R. 114 (Bankr.D.Del.2006); *In re Prince,* No. 06–10328C–7G, 2006 WL 3501281 (Bankr.M.D.N.C. Nov.30, 2006); *In re Naslund,* 359 B.R. 781 (Bankr. D.Mont.2006); *In re McIvor,* No. 06–42566, 2006 WL 3949172 (E.D.Mich. Nov. 15, 2006). *Cf. In re Farrar–Johnson,* 353 B.R. 224 (Bankr.N.D.Ill.2006) (Congress drew a distinction when using "actual" to qualify other necessary expenses and "applicable" to qualify monthly expenses under the National and Local Standards; therefore, the debtor may claim a housing expense on Form B22C even if he has no housing expense).

The United States Trustee's publication dealing with the allowable expenses for transportation does not address the methodology of applying the Local Standards.[4] The IRS web site containing the allowable expenses for transportation states the following:

> Disclaimer: IRS allowable expenses are intended for use in calculating repay-

---

**3.** As one Judge observed, there is "a clear trend towards allowing the expense deduction." *In re Lynch,* 368 B.R. 487, 491. This trend is evident in that more of the recent opinions are allowing the deduction regard-

less of whether the debtor has an actual ownership expense or not.

**4.** See www.usdoj.gov/ust/eo/bapcpa/index. htm.

ment of delinquent taxes. Expense information for use in bankruptcy calculations can be found on the website for the U.S. Trustee program.[5]

The Form B22C attempts to follow the language of 11 U.S.C. § 707(b). If the form is filled out correctly the debtor is always allowed at least the standard ownership cost regardless of the existence of or the amount of an actual automobile expense payment.[6] According to Collier's, "[t]he better view is that ... the ownership allowance specified in the standards is the minimum amount to be deducted for the expense of car ownership rather than the remaining car payments on a vehicle, if any...." 6 Collier's on Bankruptcy, ¶ 707.05[2][c][I] at 707–44 (Alan N. Resnick and Henry J. Sommers et. al. eds., 15th ed. rev.2006). A document not referred to by the Bankruptcy Code, called the Internal Revenue Manual (IRM), purports to give instructions on how the transportation expenses are to be applied.[7] The IRS treats the standard operating cost as the maximum a delinquent taxpayer may claim. According to the IRM, "[t]axpayers will be allowed the local standard or the amount actually paid, whichever is less." The Internal Revenue Manual § 5.15.1.7(4). The IRM also provides that "[i]f a taxpayer has no car payment only the operating cost portion of the transportation standard is used to figure the allowable transportation expense." The Internal Revenue Manual § 5.15.1.7(4)(B). As one court observed, "[p]art of the problem in resolving this issue lies in the level of informality of the standards; they are not statutory, nor are they promulgated by regulation.... They are part of an internal administrative process used to help determine a taxpayer's ability to pay a delinquent tax liability." *In re Slusher*, 359 B.R. 290, 307 (Bankr.D.Nev.2007).

Judge O'Brien explained:

The IRS directive has no application to determining the debtor's applicable expense amounts specified under the ... Local Standards as part of the means test. IRS use of the Local Standards [for collecting delinquent taxes] is the opposite of that mandated by BAPCPA [Form B22C and 707(b)(2)(A)(ii)(I) ], that is the applicable IRS allowed amount is either the Standard amount or actual amount, whichever is lower.

. . . .

Of course, the IRS directives reflect IRS policy to disallow any Standard amount where the actual expense is 0. How could they instruct otherwise?

*In re Hartwick*, 352 B.R. 867, 869 (Bankr. D.Minn.2006).

The Honorable Eugene R. Wedoff commented on this issue as follows:

[T]here is a question of whether an ownership expense may be claimed by a debtor who owns a car free of any lien. The language quoted from the IRM states that if the debtor makes no car payments, the ownership expense amount may not be claimed. Indeed, this result follows necessarily from the IRM's treatment of the Local Standards as caps on actual expenditures: if a taxpayer has no car payments, the taxpayer obviously cannot claim a Local Standard amount intended to cap actual car payment expenses. However, since the means test treats the Local Standards not as caps but as fixed allowances, it is more reasonable to permit a debtor to claim the Local Standards ownership ex-

---

5. See www.irs.gov/businesses/small/article/0,, id=104623,00.html

6. See Official Form B22C, question 28.

7. See www.irs.gov/irm/part5/ch15s01. html# d0e182782.

pense based on the number of vehicles the debtor owns or leases, rather than on the number for which the debtor makes payments. This approach reflects the reality that a car for which the debtor no longer makes payments may soon need to be replaced (so that the debtor will actually have ownership expenses), and it avoids arbitrary distinctions between debtors who have only a few car payments left at the time of their bankruptcy filing and those who finished making their car payments just before the filing.

Eugene R. Wedoff, *Means Testing in the New § 707(b)*, 79 Am. Bankr.L.J. 231, 257–258 (Spring 2005).

This issue was also discussed by Judge Lundin. He opined:

> When is a Chapter 13 debtor entitled to "ownership costs" as part of allowable living expenses for transportation under the Local Standards issued by the IRS? If the debtor owns one car, the statute can be interpreted to allow the debtor the National Ownership Cost Allowance for a first car ($475). The statute does not require the debtor to have a car payment to have ownership costs. If the debtor owns one car, the debtor gets the $475 per month ownership cost allowance without regard to the existence or amount of debt associated with that ownership.
>
> The drafters of Official Form B22C accept the position at Lines 27, 28 and 29 that the debtor gets ownership costs under the Local Standards for Transportation for each vehicle for which the debtor has a "claim" of "ownership/lease expense." Consistent with the IRS Local Standards for Transportation, the debtor can claim an ownership/lease expense for up to two vehicles.
>
> . . . .

The statute does not link or condition a Chapter 13 debtor's entitlement to ownership costs to debt or any particular amount of debt secured by the car. To do so would make no economic sense either. Imagine a debtor who owns a car that is fully paid for. If a car payment or car debt is a predicate to the ownership costs component of the Local Standards for Transportation, then this debtor would not be entitled to the $475–per–month first-car allowance by the IRS. An identical debtor who has the good sense to borrow $100 or $500 before the petition and grant a security interest in the car would be entitled to almost the entire $475–per–month allowance notwithstanding the complete absence of economic reality. More reasonably, "ownership costs" are allowed if the Chapter 13 debtor owns one or more cars without regard to debt secured by a car. This does create the perverse incentive that Chapter 13 debtors should definitely own at least two cars when they file a Chapter 13 petition-any cars will do. A $500 car is worth the same $475–per–month ownership cost as a $15,000 car. This is how the statute is written.

5 Keith M. Lundin, Chapter 13 Bankruptcy § 476.9 (3d ed. 2000 & Supp.2006).

Many courts focus on the word "applicable" contained in 11 U.S.C. § 707(b)(2)(ii)(I). Some of the courts conclude that if the debtor has no vehicle ownership expense then the Local Standards are not "applicable." I respectfully disagree; the word "applicable" must be analyzed in the context of the entire statute. "Applicable" modifies "the monthly expense amounts specified under ... Local Standards." Congress within the same sentence chose to use "actual" to modify "Other Necessary Expenses." As one Judge observed, "Congress drew a distinction in the statute between 'applicable' expenses on the one hand and 'actual' ex-

penses on the other. 'Other Necessary Expenses' must be the debtor's 'actual' expenses. Expenses under the 'Local Standards' in contrast, need only be those 'applicable' to the debtor-because of where he lives or how large his household is. It makes no difference whether he 'actually' has them." *In re Farrar–Johnson,* 353 B.R. 224, 230–231 (Bankr.N.D.Ill.2006). Nothing contained in Form B22C or 11 U.S.C. § 707(b)(2)(A)(ii)(I) requires that the Debtors must have current automobile ownership expense as a prerequisite to claiming the Local Standard deduction amount specified by the IRS. Requiring an existing vehicle payment as a prerequisite to entitlement to the Local Standard deduction amounts to a rewriting of the statute in order for the outcome to make more sense.

In the so-called "good old days" before BAPCPA's enactment, mentioned by Judge Goldgar in *In re Farrar–Johnson,* 353 B.R. 224, 228 (Bankr.N.D.Ill.2006), Bankruptcy Courts would have examined Schedules I and J in this case to determine disposable income and would not have allowed the debtors an expense deduction that did not exist. Congress changed that when they enacted BAPCPA by removing any discretion from the Bankruptcy Court in these matters and creating a mechanical test based in part on hypothetical numbers.

Some would argue, as many cases do, that it makes no sense to allow a vehicle ownership expense according to Local Standards if the debtors have no vehicle payment at all. This has obvious logical appeal. But does it make any more sense if the debtors have a $100.00 vehicle payment, but are still allowed to deduct $471.00 as if that were their vehicle payment? Does it make any sense to allow anything but a debtor's actual expense? Does it make any sense that the gift of non-existent expenses are conferred only on above-median income debtors? [8]

 The irony is palpable that Congress' efforts to eliminate perceived abuses in the bankruptcy system by forcing debtors into Chapter 13 also diminishes payments to unsecured creditors by mandating the use of fictitious amounts of income and expenses. However, the task of the Bankruptcy Court is to follow the language of the statute as it was written. See Henry J. Sommer, *Trying to Make Sense Out of Nonsense: Representing Consumers Under the "Bankruptcy Abuse Prevention and Consumer Protection Act of 2005,"* 79 Am. Bankr.L.J. 191 (Spring 2005).

Judge O'Brien's comments in *In re Hartwick* are appropriate. He stated:

> The argument that the statute should be read to disallow the Standard amount where no actual debt exists at filing largely rests on the assertion that such best serves the gatekeeping purposes of 11 U.S.C. § 707(b). But, as discussed below, Congress locked the Courts out of the means test, and judicial discretion has no role in it.
>
> . . . .
>
> Congress has already determined the fairness of the application of the means test, and a major objective of the legislation was to remove judicial discretion from the process.

 I agree with Judge O'Brien's analysis. Therefore, for these reasons the objection to confirmation is overruled.

IT IS SO ORDERED.

---

8. Debtors whose income is below the state medium income do not use the means test or Form B22C. These debtor's disposable income is determined by reference to Schedules I and J. See 11 U.S.C. § 1325(b)(3); 8 Collier on Bankr.¶ 1325.08[c][ii].