**Mary B. GROSSMAN, Appellant,**

v.

**Michael G. SAWDY and Jori A. Sawdy, Appellees.**

**No. 07–CV–312.**

United States District Court, E.D. Wisconsin.

March 17, 2008.

---

Jack N. Zaharopoulos, Mary B. Grossman, United States Department of Justice, Milwaukee, WI, for Appellant.

Rollie R. Hanson, Law Office of Rollie R. Hanson, West Allis, WI, David Walter Asbach, United States Department of Justice, Milwaukee, WI, for Appellees.

## ORDER

J.P. STADTMUELLER, District Judge.

In this bankruptcy appeal, the Chapter 13 Trustee ("the Trustee") appeals an order from the bankruptcy court overruling the Trustee's objection to Michael and Jori

Sawdy's ("the Sawdys") modified Chapter 13 plan and the related order overruling the Trustee's objection and confirming the Sawdy's modified Chapter 13 plan. The Trustee objected to the Sawdy's proposed plan and argued it did not satisfy the "projected disposable income" requirement set forth in the bankruptcy code. Specifically, the Trustee objected to the Sawdys taking the bankruptcy code's standard vehicle deductions in calculating their disposable income, on the ground that they owned their vehicles free and clear and were not making any car payments. The United States Trustee filed an *amicus curae* brief supporting the Trustee in this matter. For the reasons set forth below, the order of the bankruptcy court overruling the Trustee's objection and confirming the Sawdys' modified Chapter 13 plan must be vacated and the case remanded for further proceedings consistent with this opinion.

## STANDARD OF REVIEW

■ Pursuant to Section 158 of Title 28 of the United States Code, this court has subject matter jurisdiction over the Trustee's appeal from the bankruptcy court. 28 U.S.C. § 158(a)(1) (authorizing a district court's review of "final judgments, orders and decrees" issued by the bankruptcy court). In an appeal from a bankruptcy court's judgment, a district court applies two standards of review: one for findings of fact; the other for conclusions of law. *Morter v. Farm Credit Services*, 110 B.R. 390, 392 (N.D.Ind.1990). The bankruptcy court's factual findings are reviewed for clear error. *Dye v. United States*, 360 F.3d 744, 747 (7th Cir.2004). When a bankruptcy court's legal conclusions are challenged, the district court must make a *de novo* review. *In re Robert Sheridan*, 57 F.3d 627, 633 (7th Cir.1995).

## BACKGROUND

On September 14, 2006, the Sawdys filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code. Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), the Sawdys must determine and apply their disposable income to their Chapter 13 payment plan. *See* 11 U.S.C. § 1325(a)(3) and (b)(1)(B). According to the Sawdys' Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income ("Form B22C"), their income is above the median income for a family of their size in Wisconsin. Their original Form B22C reflected a monthly disposable income of $189.65. On October 23, 2006, the Sawdys filed an amended Form B22C, and included further exemptions under the "ownership/lease expense" category of $471.00 and $332.00 for their two cars, a 1996 Ford Explorer and a 1993 Ford Escort wagon. These vehicle deductions reduced their disposable income from $189.65 to a *negative* $33.00. By this modification, their proposed Chapter 13 plan reduced the payments to unsecured creditors from 46% to 0%, thereby prompting the objection of the Chapter 13 Trustee. The Trustee argues that the Sawdys' modified plan does not devote all of their disposable income to their payment plan as required by 11 U.S.C. § 1325(a)(3) and (b)(1)(B). Specifically, the Trustee argues that the Sawdys should not be allowed to take the "ownership/lease expense" deductions because they own both of their Ford vehicles free and clear and do not make any monthly ownership payments on these cars. The Trustee further argued that although the Sawdys' "operating expense" deduction was proper, the ownership deduction for the cars was not proper because no monthly payments are being made on either of the vehicles. The bankruptcy court held a hearing on the Trustee's objections to the

plan, and later entered an order overruling the Trustee's objection to the confirmation of the plan and further entered an order confirming the Sawdys' Chapter 13 plan. *See In re Sawdy*, 362 B.R. 898 (Bankr. E.D.Wis.2007).

## ANALYSIS

 Under the BAPCPA, Congress changed the analysis a bankruptcy court must employ when determining whether or not to confirm a debt repayment plan. 11 U.S.C. § 1325(b). In a Chapter 13 proceeding, all disposable income for the specified time period must be applied to a payment plan for creditors. *Id.* For above-median income debtors, "disposable income" is calculated by subtracting "amounts reasonably necessary," as set forth in 11 U.S.C. §§ 707(b)(2)(A), from the debtor's current monthly income. *See id; see also* 11 U.S.C. §§ 707(b)(2)(A). Section 707(b)(2)(A)(ii)(I) provides in relevant part:

> [t]he debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides, as in effect on the date of the order for relief. . . .

The "Standards" referenced in § 707(b) are used by the IRS in assessing a taxpayer's ability to pay past-due taxes. Under the Standards, the IRS allows for a vehicle operating expense deduction as well as a deduction for expenses incurred for leasing or purchasing a vehicle. There are two general categories in the "Local Standards": (1) Housing and Utilities; and (2) Transportation. "Transportation" is further subdivided into "Operating Costs and Public Transportation Costs" and "Ownership Costs." [1]

The phrase "the debtors' applicable monthly expense amounts specified under the Local Standards," has caused a significant split in authority. Courts have come down on opposite sides of the argument, holding either that debtors may claim ownership expenses for vehicles that are owned free and clear, *see, e.g., In re Demonica*, 345 B.R. 895 (Bankr.N.D.Ill.2006) (holding that debtor, despite not making any ownership or lease payments for a car, was entitled to claim local standard deduction); or, conversely, that a debtor may not claim the expense. *See, e.g., Fokkena v. Hartwick*, 373 B.R. 645 (D.Minn.2007) (holding that because a debtor owned her vehicle outright, she was not entitled to take standard vehicle ownership expense deduction).[2]

---

**1.** The IRS Collection Financial Standards delineate the various forms of living and necessary expenses and can be found on the IRS's website at: *http://www.irs.gov/individuals/article/0,,id=96543,00.html* (last visited March 7, 2008) (hereinafter "IRS Collection Financial Standards").

**2.** Although this is a growing and non-exhaustive list, several courts have held that a debtor cannot deduct an ownership expense for a vehicle owned free and clear: *In re Canales*, 377 B.R. 658 (Bankr.C.D.Cal.2007); *In re Brown*, 376 B.R. 601 (Bankr.S.D.Tex.2007); *In re Howell*, 366 B.R. 153 (Bankr.D.Kan. 2007); *In re Ceasar*, 364 B.R. 257 (Bankr.

W.D.La.2007); *In re Slusher*, 359 B.R. 290 (Bankr.D.Nev.2007); *In re Devilliers*, 358 B.R. 849 (Bankr.E.D.La.2007); *In re Harris*, 353 B.R. 304 (Bankr.E.D.Okla.2006); *In re Oliver*, 350 B.R. 294 (Bankr.W.D.Tex.2006); *In re Carlin*, 348 B.R. 795, (Bankr.D.Or. 2006); *In re Lara*, 347 B.R. 198 (Bankr. N.D.Tex.2006); *In re Barraza*, 346 B.R. 724 (Bankr.N.D.Tex.2006); *In re Hardacre*, 338 B.R. 718 (Bankr.N.D.Tex.2006). Conversely, a similarly large number of courts have reached the opposite conclusion: *In re Wilson*, 373 B.R. 638 (Bankr.W.D.Ark.2007); In re Vesper, 371 B.R. 426 (Bankr.D.Alaska 2007); In re Armstrong, 370 B.R. 323 (Bankr.

Critical to the court's analysis is the precise language used in § 707(b)(2)(A)(ii)(I); specifically, its directive in regards to "applicable" and "actual" expenses. In those instances when courts have allowed the ownership expense deduction, it was allowed on the basis of the debtor's applicable monthly expense amount specified under the Local Standards, which did not require an actual car expense. *See In re Fowler,* 349 B.R. 414, 418 (Bankr.D.Del.2006). These courts argue that Congress' use of two different words, "actual" and "applicable," must have two different meanings: when Congress used the word "actual," this must mean that the debtor may deduct only *actual* expenses, but when Congress used the word "applicable," it must have meant that something other than the actual monthly payments a debtor must make. *See id; see also In re Wilson,* 356 B.R. 114, 119–120 (Bankr.D.Del.2006). These courts have held that because Congress does not require reference to the debtor's "actual" expenses in calculating some monthly expenses (by use of the word "applicable"), it does not matter whether or not these expenses are "actually" incurred. *See Wilson,* 356 B.R. at 119.

In contrast, other courts have found Congress' use of "actual" and "applicable" leads to an opposite result. These courts have held that the word "applicable" limits monthly expense amounts to situations only when a monthly car payment actually applies. *See In re Ross–Tousey,* 368 B.R. 762 (E.D.Wis.2007) (holding that debtors could not deduct a vehicle ownership expense for motor vehicles which they owned outright). Here, the court reasoned that

[i]nstead of viewing "applicable" and "actual" as having virtually opposite meanings, another reading of the statute would allow a debtor to deduct the auto expense listed in the Standards if the debtor actually had an auto expense in the first place. This reading gives meaning to the distinction between "applicable" and "actual" without taking a further step to conclude that "applicable" means "nonexistent" or "fictional." *Id.* at 765. In sum, "[i]f a debtor does not own or lease a vehicle, the ownership expense is not 'applicable' to that debtor." *In re Howell,* 366 B.R. 153, 157 (Bankr. D.Kan.2007).

In this action, the bankruptcy court held that in spite of the fact that the Sawdys do not actually have to make a note or lease payment each month, they are entitled to deduct the IRS Local Standard amount for vehicle ownership from their disposable income for the purposes of determining how much they have available to devote to paying creditors. *Sawdy,* 362 B.R. at 900. The court based its decision on Congress' use of the word "applicable" instead of the word "actual" in referring to the expenses enumerated in the National and Local Standards, and due to Congress' lack of explicit reference to the IRS Manual and Financial Collection Analysis in § 707(b). *See id.* at 914.

■■ This court respectfully disagrees with the bankruptcy court, and instead takes the position that, in order for the ownership expense to apply, a debtor must actually be making monthly ownership or lease payments. In analyzing this issue, the court begins with the actual statute, which, as noted above, reads: "[t]he debt-

E.D.Wash.2007); *In re Chamberlain,* 369 B.R. 519 (Bankr.D.Ariz.2007); *In re Swan,* 368 B.R. 12 (Bankr.N.D.Cal.2007); *In re Billie,* 367 B.R. 586 (Bankr.N.D.Ohio 2007); *In re Watson,* 366 B.R. 523 (Bankr.D.Md.2007); *In*

re *Zak,* 361 B.R. 481 (Bankr.N.D.Ohio 2007); *In re Wilson,* 356 B.R. 114 (Bankr.D.Del. 2006); *In re Haley,* 354 B.R. 340 (Bankr. D.N.H.2006); *In re Demonica,* 345 B.R. 895 (Bankr.N.D.Ill.2006).

or's monthly expenses shall be the debtor's *applicable* monthly expense amounts specified under the National Standards and Local Standards, and the debtor's *actual* monthly expenses specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides." 11 U.S.C. § 707(b)(2)(A)(ii)(I) (emphasis added). A reviewing court must honor the statute's meaning when the language is plain and interpret as such, unless the result would be absurd. *Lamie v. United States Trustee*, 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004).

Here, the court determines that consistent with a logical reading of the statute, the word "applicable" is meant to modify the term "monthly expenses." *See* § 702(b)(2)(A)(ii). Therefore, the deduction is to be used if and only if the debtor actually has the monthly expense of an actual car payment. Stated another way, a debtor may only claim the deductions listed if they are applicable to that debtor. *In re Ceasar*, 364 B.R. 257, 262 (Bankr. W.D.La.2007).

Moreover, the court finds my colleague Judge William Greisbach's policy rationale in *Ross–Tousey* compelling. Judge Greisbach considered Congress' overall statutory scheme in his finding that the ownership deduction did not apply when a Chapter 7 debtor attempted to claim the exemption for any vehicle owned free and clear:

> The statute is only concerned about protecting the debtor's ability to continue owning a car, and if the debtor *already* owns the car, the debtor is adequately protected. Section 707(b)(2)(A)(ii)(I) only achieves the statute's goal of protecting debtors' ability to fund the necessities of life when the debtor is actually shouldering a monthly auto expense. When the debtor has no monthly owner-

ship expenses, it makes no sense to deduct an ownership expense to shield it from creditors.

*Ross–Tousey*, 368 B.R. at 766 (emphasis in original). Similarly, this court concludes that Congress' use of the word "applicable" limits the eligibility for expenses under the National and Local Standards; a debtor must actually have incurred the expense (here, a car payment) in order to claim the amounts set forth in the Standard. *See id.*

This court also finds that it is logical to look to the actual IRS Collection Financial Standards in determining the applicable expense Standards in bankruptcy actions. *See In re Slusher*, 359 B.R. 290, 309 (Bankr.D.Nev.2007) (stating that the congressional reference to the IRS standards in the Bankruptcy Code suggests that it is relevant to look to how the IRS calculates deductions in similar instances). The IRS Collection Financial Standards provide that "[i]f a taxpayer has no car payment, or no car, the operating costs portion of the transportation standard is used to come up with the allowable transportation expense." IRS Collection Financial Standards (last visited March 7, 2008). The IRS standards unequivocally state that when no car payment is being made, the debtor must look to the "operating costs" to determine the transportation expense. It is clear that these standards do not support deductions for expenses that a debtor (or taxpayer) does not actually have. Therefore, the Sawdys may claim the vehicle operation/public transportation expense delineated on the B22C Form, but without an actual car payment, they may not deduct the actual ownership expense. *See Slusher*, 359 B.R. at 309. Moreover, this court concurs with the result in *Ross–Tousey* that it is acceptable to reference the IRS financial analysis in determining whether or not to apply the ownership

expense deduction. *See Ross–Tousey*, 368 B.R. at 765.

Finally, the court determines that the language from the actual B22C Form supports this conclusion. Under the "transportation; vehicle operation/public transportation expense" section and at line 27, it states "[y]ou are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation." At line 28, under the "transportation ownership/lease expense," it states "[c]heck the number of vehicles for which you claim an ownership/lease expense." It is significant that there is a directive that a debtor may claim a transportation expense for vehicle operation regardless of whether one actually exists at line 27, yet there is no mention of the same ability to do so at line 28. The court views the explicit statement in one line and none in the other to mean that the B22C Form itself contemplates deductions for non-existent expenses, yet only where it explicitly states that a debtor may do so.

In sum, this court determines that the bankruptcy court erred in allowing the Sawdys to deduct the automobile ownership expense for the two Ford vehicles that they owned free and clear, without any actual ownership or lease payments. The court similarly finds that the bankruptcy court's order overruling the Trustee's objection and confirming the Sawdys' modified Chapter 13 plan must be vacated and the case remanded to the bankruptcy court for further proceedings consistent with this opinion.

Accordingly,

**IT IS ORDERED** that the bankruptcy court's order overruling the Trustee's objections and confirming the Sawdys' amended Chapter 13 plan be and the same is hereby **VACATED** and the case **RE-MANDED** for further proceedings consistent with this opinion.