**Jeannie Marie LINDSKOG, Appellant,**

v.

**M & I BANK, Appellee.**

No. 11–C–0476.

United States District Court, E.D. Wisconsin.

Oct. 2, 2012.

---

David P. Leibowitz, Ryan A. Blay, Lakelaw Wisconsin, Kenosha, WI, for Appellant.

Eric S. Teske, Bass & Moglowsky SC, Milwaukee, WI, for Appellee.

AMENDED DECISION AND ORDER AFFIRMING THE DECISION OF THE BANKRUPTCY COURT AND DISMISSING APPEAL

C.N. CLEVERT, JR., Chief Judge.

Four years after her chapter 7 discharge in the United States Bankruptcy Court of the Northern District of Illinois, appellant, Jeannie Lindskog, filed a Chapter 13 petition in the United States Bankruptcy Court for the Eastern District of Wisconsin. Soon thereafter, Lindskog filed an adversary proceeding in which she sought to avoid a wholly unsecured junior mortgage lien held by M & I Marshall & Ilsley Bank.[1] M & I moved to dismiss the adversary proceeding asserting that Lindskog could not utilize 11 U.S.C. § 506(d) to strip off a second mortgage lien regardless of whether it was without equity because she was ineligible to receive the Chapter 13 discharge.

On April 13, 2011, the bankruptcy court granted M & I's motion to dismiss. Now, the case is before this court on Lindskog's appeal of that decision.

When considering an appeal from the bankruptcy court's judgment, a district court applies two standards of review: one for findings of fact and the other for conclusions of law. *Grossman v. Sawdy,* 384 B.R. 199, 201 (E.D.Wis.2008). The district court reviews the bankruptcy court's findings of fact for clear error whereas conclusions of law are reviewed de novo. *Ojeda v. Goldberg,* 599 F.3d 712, 716–17 (7th Cir.2010)

FINDINGS OF FACT

Lindskog, a Wisconsin homeowner and resident, also maintains a domicile in Chi-

---

1. BMO Harris Bank N.A. is the successor to the second mortgage lien held by M & I.

cago, Illinois, as a condition of her employment as a teacher in Chicago. (Doc. 1 at 37). On August 16, 2005, Lindskog executed and delivered a second mortgage securing a $100,000.00 home equity line of credit to M & I Marshall & Ilsley Bank on her property located at 39610 Lake Park Court, Powers Lake, Wisconsin, 53139. (Doc. 1 at 24).

On May 17, 2008, Lindskog filed a Chapter 7 bankruptcy petition with the United States Bankruptcy Court for the Northern District of Illinois, Case No. 08–12661. (Doc. 1 at 24). She did not reaffirm her mortgage debt on the Powers Lake real estate, and was granted a bankruptcy discharge on August 19, 2008. (Doc. 1 at 24).

On April 29, 2010, Lindskog filed a Chapter 13 petition in the United States Bankruptcy Court for the Eastern District of Wisconsin, Case No. 1–27037–jes. (Doc. 6 at 6). The proposed amended Chapter 13 plan called for the payment of almost $43,000 over a five-year period. (Doc. 5 at 6). The total unsecured claims anticipated were less than $20,000. (Doc. 5 at 6). However, the proposed plan would have avoided the second mortgage lien held by M & I. (Doc. 6 at 6). After M & I objected, Lindskog filed an adversary complaint seeking to have the lien declared void. (Doc. 6 at 6).

## CONCLUSIONS OF LAW

■ Whether a Chapter 13 debtor who is ineligible for a discharge may strip off wholly unsecured junior liens within four years of a Chapter 7 is an issue that has been the subject of numerous conflicting decisions across the country. Some courts hold that lien stripping is impermissible because it amounts to a de facto discharge. *In re Jarvis*, 390 B.R. 600, 606 (Bankr. C.D.Ill.2008); *In re Blosser*, 2009 WL 1064455 (Bankr.E.D.Wis. April 15, 2009). These cases rely on *Dewsnup v. Timm*, 502 U.S. 410, 417, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), where the United States Supreme Court held that debtors could not avoid a creditor's lien under 11 U.S.C. § 506(d). They also cite the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), 11 U.S.C. § 1328(f), wherein Congress imposed a four-year waiting period on Chapter 7 debtors before they are again eligible for a Chapter 13 discharge. Conversely, other courts allow lien stripping after plan consummation without a discharge, *In re Frazier v. Real Time Resolutions, Inc.*, 469 B.R. 889 (E.D.Cal.2012), or because nothing in the Bankruptcy Code prevents it. *In re Tran*, 431 B.R. 230 (Bankr. N.D.Cal.2010); *In re Hill*, 440 B.R. 176 (Bankr.S.D.Cal.2010); *In re Fair*, 450 B.R. 853 (E.D.Wis.2011).

Lindskog, whose home is worth less than the first mortgage lien, argues that the Bankruptcy Code mandates the elimination of a fully unsecured lien in Chapter 13 without regard to discharge. Indeed, in a Chapter 13, the debtor's plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims...." § 1322(b)(2). Lindskog relies on *Fair* for its holding that "Congress did not intend to prevent lien stripping through § 1328(f)(1), and it is inaccurate to characterize lien stripping as a de facto discharge under the bankruptcy code." 450 B.R. at 857.

Having thoroughly reviewed the split of authorities and underlying Code provisions, the court adopts the reasoning of

*Jarvis,* 390 B.R. at 606. To hold otherwise would allow the debtor to accomplish through the Chapter 13 what was not allowed in the Chapter 7 and undermine Congressional intent. With the enactment of BAPCPA, a debtor can only receive the Chapter 13 discharge four years after the Chapter 7 proceeding. Indeed, the Sixth Circuit Court of Appeals has written that Congress, in overhauling the Bankruptcy Code in 2005, was acting to limit a debtor's ability to obtain multiple discharges by filing one bankruptcy proceeding after another. *In re Sanders,* 551 F.3d 397, 399 (6th Cir.2008). This court agrees.

Based on the plain language of § 1328(f), Lindskog did not qualify for a Chapter 13 discharge having received a Chapter 7 discharge within four years of filing. Stripping off the wholly unsecured lien on Lindskog's Wisconsin residence amounts to a de facto discharge and undermines Congress's desire to prevent debtors from exploiting loopholes in the bankruptcy system at the expense of other entities. H.R. Rep. 109–31(I) Pt. 1 at 5. Now, therefore,

IT IS ORDERED that the decision of the bankruptcy court is affirmed.

IT IS FURTHER ORDERED that this appeal is dismissed.